Breemah, J.,
delivered the opinion of the court:
This bill is died to enforce a lien reserved in a deed conveying a lot of land near the city of Memphis, to A. C. Bettis. It is filed against his widow, administratrix, and heirs. The deed was made by complainant and Amanda Trezevant. The lien retained on the face of the deed was for payment of a $1,200 note due N. M. Trezevant — was probably for borrowed money, but no part of the consideration for the land. It was not signed by the vendee.
The only question in the case is, whether such a lien is binding, creating a valid charge on the land as between the vendee, or rather, between the original parties or representatives. The chancellor held it good, and we think correctly. The acceptance of the deed by Bettis was an assent to the right reserved on its face, and he, as well as hi a heirs, is estopped from saying that he will take the benefit of the title and disaffirm the charge thus created by the terms of the contract. Such reservations of estates have been held good in 3 Head, 328; 2 Swan, 648.
What might be the effect of this reservation as against creditors and purchasers under our registration laws, may be a different question, but as to the parties to the instrument, there can be no question of the validity and binding force of the lien thus reserved.
The decree will be affirmed, the money must be paid in *176 ninety days or the land sold for its payment; and if any balance, then decree against the administratrix for it, to be levied of assets of the estate. Costs paid out of the fund, and to be paid in cash at sale, not to affect the bar of equity of redemption.